UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LILLIAN BLAKE, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-01378 |
| | ) |
| v. | ) |
| | ) |
| UPH PROCTOR HOSPITAL, | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, Lillian Blake ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against UPH Proctor Hospital ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5, have occurred or been complied with.

5. Plaintiff filed a charge of discrimination on the basis of race, color, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Lillian Blake, resides in Peoria County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, UPH Proctor Hospital, is a corporation doing business in and for Peoria County, Illinois, whose address is 5409 Knoxville Avenue, Peoria, IL 61614.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. The Defendant hired Plaintiff (African American, Female) as a Nurse in 2021.

13. Defendant employed Plaintiff until Defendant unlawfully terminated Plaintiff's employment on or about October 19, 2022 because of her race (African American) and in retaliation for opposing unlawful discrimination and harassment.

14. Defendant subjected the Plaintiff to race-based discrimination, race-based harassment, a hostile work environment because of her race, and retaliation.

15. Plaintiff is a member of a protected class because of her race, African American.

16. Since the beginning of Plaintiff's employment with Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

17. Because of the Defendant's actions, Plaintiff suffered adverse employment action, including but not limited to a hostile work environment, and constructive termination.

18. The Plaintiff met or exceeded Defendant's performance expectations during her employment, as she never received a write-up or negative performance mark.

19. Plaintiff can show that the adverse employment actions and the discrimination are because of her race.

20. The environment of discrimination pervaded the entire company of Defendant.

21. Within the hospital's workforce of 250 employees, approximately 10 individuals were African American.

22. Very early on in her employment, Plaintiff noticed this stark lack of diversity.

23. Nevertheless, Plaintiff diligently worked for Defendant and dedicated herself to her career as a Nurse.

24. However, from the moment Plaintiff started working, there was a troubling trend

where colleagues and supervisors referred to Plaintiff as "you" instead of addressing her by name.

25. Other non-African American colleagues were always referred to by their names.

26. This practice stripped away Plaintiff's individual identity and made her feel less valued than her colleagues because of her race.

27. On another occasion, Plaintiff's supervisor, Jane (LNU), told Plaintiff "You are intimidating, and I don't feel comfortable near you."

28. Plaintiff was not doing anything at this moment but standing next to Jane while she was seated.

29. This statement was clear racial bias, implying a threatening nature or aggression, characteristics often used to negatively stereotype African American women.

30. This unwanted stereotypical characterization created a hostile work environment, undermining Plaintiff's professional standing.

31. The disparate treatment and characterization of Plaintiff as inherently intimidating continued, deepening the divide and fostering an environment where she was subject to unwanted scrutiny and bias.

32. Plaintiff regularly received reprimands for conduct similar to conduct of her white colleagues, for which these white colleagues would face no repercussions, despite engaging in similar conduct.

33. This unequal treatment demonstrated a clear double standard and underscored the institutionalized racism present within the organization.

34. In response to this constant racial-discrimination, Plaintiff reported the incidents to corporate.

35. To the best of Plaintiff's knowledge, no action was taken in response to Plaintiff's complaints.

36. In fact, the treatment actually worsened, becoming more severe and pervasive.

37. On or about October 18, 2022, Plaintiff actively participated in a meeting that was purportedly to address issues of racial discrimination.

38. Plaintiff sought resolution, hoping that the organization would address the racism Plaintiff faced.

39. However, at this meeting several other African American employees began to express their experiences with racism in the work place.

40. Plaintiff sat and listed, horrified, as these employees explained instance after instance of race discrimination and harassment.

41. It became clear based on the numerous complaints raised by other African American employees that the employer's culture of racial discrimination was long standing and pervasive.

42. It also became clear that Defendant was not taking her complaints seriously, and that this culture was not going to change any time soon.

43. Thus, for the sake of her mental health, Plaintiff felt she had no choice but to resign or continue to be subjected to intolerable racial discrimination and harassment.

44. No reasonable person in Plaintiff's shoes would be able to withstand this treatment and continue working in this environment.

45. Therefore, on or about October 19, 2022, Plaintiff was constructively discharged.

46. The deeply-rooted racial discrimination, racial harassment, and retaliatory practices

Plaintiff experienced during her employment with Defendant led directly to her constructive discharge.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

47. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

48. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

49. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

50. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

51. Defendant's unlawful conduct resulted in considerable harm and adverse employment action, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

52. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**(Race-Based Harassment)**

53. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, African-American, and intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

55. Defendant knew or should have known of the harassment.

56. The race-based harassment was severe or pervasive.

57. The race-based harassment was offensive subjectively and objectively.

58. The race-based harassment was unwelcomed.

59. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to her race, African-American.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**(Race-Based Discrimination)**

62. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

63. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

7

64. Plaintiff met or exceeded Defendant's performance expectations.

65. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

66. Defendant took adverse employment actions against Plaintiff because of her race, including subjecting her to a hostile work environment, and constructive termination.

67. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

68. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

69. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT IV
### Violation of 42 U.S.C. § 2000e, et seq.
### (Retaliation)

70. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

71. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

72. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

73. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e, *et seq*.

74. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of discrimination and harassment.

75. Additionally, Defendant continued to subject Plaintiff to a hostile work environment.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based and sex-based discrimination and sexual harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

77. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

78. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorney fees and costs;

    g. Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of October, 2023.

        /s/ *Travis P. Lampert*
        **TRAVIS P. LAMPERT, ESQ.**
        IL Bar No.: 99843
        **SULAIMAN LAW GROUP LTD.**
        2500 S. Highland Avenue, Suite 200
        Lombard, Illinois 60148
        Phone (630) 581-5456
        Fax (630) 575-8188
        tlampert@sulaimanlaw.com
        *Attorney for Plaintiff*